# UNITED STATES DISTRICT COURT
## for the
## Northern District of Indiana

| | |
|---|---|
| **Norman Chapin,** | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 3:23-cv-450 |
| **Forest River, Inc.,** | ) |
| **Jeff Couch's Campers LLC,** | ) |
|   d/b/a Jeff Couchs Rv Nation, | ) |
| **and DOES 1-25,** | ) DEMAND FOR JURY TRIAL |
| *Respondents.* | ) |

## COMPLAINT

Comes now Norman Chapin ("Plaintiff" and/or "Mr. Chapin"), and brings this action against Forest River, Inc. ("Forest RV") and Jeff Couch's Campers LLC ("Jeff Couch").

## INTRODUCTION

1. Plaintiff Norman Chapin, a resident of Sacramento County, California entered into a consumer transaction in the above-entitled case in Hamilton, State of Ohio.

2. Defendant, FOREST RIVER, is a recreational vehicle ("RV") manufacturer and distributor business entity located in Elkhart, Indiana, and incorporated in the State of Indiana under Business ID 2005080400068.

3. Defendant JEFF COUCH'S CAMPERS LLC is a retail dealer for FOREST RIVER, INC. and other RV manufacturers. JEFF COUCH'S CAMPERS LLC is located in the State of Ohio.

4. Plaintiff does not know the true names and capacities of Defendants herein sued as DOES 1-25 and therefore sue them by fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and

1

COMPLAINT

hereby alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages were proximately caused by such occurrences.

5.  Plaintiff is informed and believes and hereby allege that at all times mentioned herein, Defendants, and each of them, were the agents, servants, employees and/or joint ventures of their codefendants and, as such, were acting within the course, scope and authority of said agency, employment and/or venture. Plaintiff further alleges that each act alleged herein, whether by named defendant or fictitiously named defendant, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

6.  Plaintiff is informed and believes and hereby alleges that at all times mentioned herein, Defendants, and each of them, were the agents, servants, employees, partners, and/or joint venturers of their co-defendants and were, as such, acting within the course, scope and authority of said agency, employment, partnership, and/or venture. On information and belief, Plaintiff allege that the act of any Defendant, including those fictitiously named, is imputable to each and every other Defendant because one or more of the following relationships existed among the Defendants: principal-agent, employer-employee, partner, parent company, sub-company or such other relationship which would make any liability vicarious and imputable to such other Defendant or Defendants in such relationship. Plaintiff further allege that each act alleged herein, whether by named Defendant or fictitiously named Defendant, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294 (b), by each and every other Defendant herein, whether named or fictitiously named.

7.  To the extent that any Defendant was an independent contractor, Plaintiff allege that the other Defendants exercised such dominion and control over the manner, method and means of the work contracted for that the negligence of any independent contractor should, in law, be attributed to the principal who hired such contractor.

8.  Plaintiff is informed and believes and thereon allege that, at all times herein mentioned, the agents, servants, employees, partners and/or joint venturers of Defendants were

acting within the course and scope of said employment and with the consent of, and under the close direction and control of the officers, directors, partners or managing agents of Defendants, and that said officers, directors, partners or managing agents personally authorized, approved of, adopted and/or ratified the acts alleged herein.

9. Plaintiff is informed and believes and thereon allege that, at all times herein mentioned, the officers, directors, partners or managing agents of Defendants, whose names are currently unknown to Plaintiff, personally participated in the acts alleged herein.

10. Plaintiff is informed and believes and thereon allege that, at all times herein mentioned, the officers, directors, partners or managing agents of Defendants personally acted with oppression, fraud or malice in their dealings with Plaintiff regarding the subject alleged in this Complaint. Plaintiff is informed and believes and thereon allege that, at all times herein mentioned, the officers, directors, partners or managing agents of Defendants personally had close supervision of their agents, servants, employees, partners and/or joint venturers and were familiar with the facts regarding the occurrence with Plaintiff allege herein.

11. Plaintiff is informed and believes and thereon allege that, after learning of the acts of the agents, servants, employees, partners, and/or joint venturers of Defendants, the officers, directors, partners or managing agents of Defendants personally failed and refused to repudiate said actions, and failed to redress the harm done Plaintiff, and failed and refused to punish or discharge the said agents, servants, employees, partners, and/or joint venturers of Defendants.

### I. FIRST CAUSE OF ACTION AGAINT ALL DEFENDANTS: VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT

12. Plaintiff expressly incorporates the preceding paragraphs as though set fourth fully herein.

13. Defendants, and each of them, breached both express and implied warranties under the Song-Beverly Consumer Warranty Act in selling to the Plaintiff a trailer and then in failing and refusing to repair the vehicle under the warranties, and in refusing warranty reimbursement for the transmission replacement.

14. Defendants' failure and refusal to honor their warranty obligations constitutes violations of the Song-Beverly Consumer Warranty Act. Plaintiff is entitled to all damages available under this act, as well as attorney's fees, costs and expenses.

15. Plaintiff alleges that Defendants' violations of the Song-Beverly Consumer Warranty Act were willful, thereby entitling Plaintiff to a civil penalty of two times Plaintiff's damages under Civ. Code Section 1794 (c).

16. In 2022, FOREST RV and DOES 1-25, Inclusive, manufactured the following consumer goods item: 2022 XLR 35LRLE Travel Trailer, Vehicle Identification Number: 5ZT3XLZBXNZ794179 ("TRAILER"). FOREST RV and DOES 1-25, Inclusive, manufactured this RV for its eventual sale/lease to retail buyers. Defendant FOREST RV and DOES 1-25, Inclusive, appended to this RV an express warranty, undertaking to preserve or maintain the utility or performance of the TRAILER by means of a written statement designed to accompany the RV.

17. On or about March 18, 2022, in the State of Ohio, a retail merchant, Jeff Couch's Campers LLC ("JEFF COUCH") sold the TRAILER to Plaintiff for their personal use. The TRAILER was sold for the total purchase price of $49,908.50. Plaintiff placed a down-payment on the TRAILER of $12,000.00 and financed $41,972.14.

18. As a part of the sale, JEFF COUCH made the arrangements to ship the TRAILER to California, where it was dropped off at Plaintiff's residence. The TRAILER was never titled in Ohio and also has never been titled in California, despite JEFF COUCH representing to Plaintiff that JEFF COUCH would handle getting the TRAILER titled. Because JEFF COUCH arranged for the shipping to California, title to the coach passed in California when it was delivered to Plaintiff's home. Under applicable California law, California law applies since title passed (or will pass, once the vehicle is titled) in California.

19. On April 17, 2022, PLAINTIFF presented the TRAILER to Whitaker LLC for repairs of the electrical outlets in the trailer not working on both sides of the TRAILER and the microwave not working. Whitaker LLC found multiple issues with the trailer:

(1) The electrical conduit was cut and the power-supply plug was loose;

  (2) The propane door would not latch, and the propane tank was missing parts and not properly secured;

  (3) There was a dent on the front;

  (4) The shower floor was unstable, and the wrong drain sealer was used;

  (5) The trailer stayed in the shop until May 6, 2022, waiting on warranty.

Whitaker LLC provided an estimate of $560.00 on April 18, 2022, and $1,872.00 on May 6, 2022, for work that needed to be done.

  20. On June 18, 2022, PLAINTIFF found screws coming up through the floor entering the master bedroom. The master bedroom door had shifted and would not close and had gaps around the frame. The stairs leading to the master bedroom had screws coming up. Under the master bedroom door, the floor was pulling up and looked like a rod was coming up through the floor.

  21. On June 19, 2022, PLANTIFF found the kitchen counters looked as if they had shifted causing the wallpaper to ripple and pull off the wall. The TRAILER'S front light did not work and the outside outlet of the trailer was not working.

  22. On June 22, 2022, PLANTIFF presented the TRAILER for repairs. Upon arrival, the shop manager noticed the roof had bubbling. After further inspection, Whitaker LLC found that the roof was starting to pull away from the TRAILER and the side molding on both sides of the TRAILER was pulling away. PLAINTIFF felt unsafe traveling with the TRAILER as it looked like it was coming apart. PLAINTIFF was forced to cancel and miss their summer and fall camping trips.

  23. On or about August 12, 2022, PLAINTIFF received an $18,833.34 estimate for repairs of the TRAILER as well as storage fees from June 23, 2022, to August 2, 2022.

  24. Plaintiff has tried multiple times to get the repairs approved by FOREST RV over emails and phone calls at no avail since April 18, 2022. Defendants, and each of them, have failed and refused to honor the warranty obligations for this TRAILER, which is wholly

defective and unusable. As stated above, Plaintiff seeks a full reimbursement of his purchase price, payoff of his loan, incidental and consequential damages according to proof, attorney's fees, costs and expenses and a civil penalty of up to two times plaintiff's actual damages under Cal. Civ. Code Section 1794 for FOREST RIVER'S willful violation of Song-Beverly and Plaintiff's warranty rights.

25. As to JEFF COUCH, Plaintiff claims breach of the implied warranties of merchantability and fitness and seeks full reimbursement, incidental and consequential damages and fees and costs.

### SECOND CAUSE OF ACTION AGAINST FOREST RIVER: BREACH OF IMPLIED WARRANTIES PURSUANT TO SONG-BEVERLY CONSUMER WARRANTY ACT

26. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

27. Defendants' conduct, as alleged herein, violated both the express and implied warranty provisions of the Magnuson-Moss Consumer Warranty Act, 15 U.S.C. Section 2301 et seq.

28. Plaintiff has tried multiple times to get the repairs approved by FOREST RV over emails and phone calls at no avail since April 18, 2022. Defendants, and each of them, have failed and refused to honor the warranty obligations for this TRAILER, which is wholly defective and unusable. As stated above, plaintiff seeks a full reimbursement of his purchase price, payoff of his loan, incidental and consequential damages according to proof, attorney's fees, costs and expenses and a civil penalty of up to two times Plaintiff's actual damages under Cal. Civ. Code Section 1794 for FOREST RIVER'S willful violation of Song-Beverly and Plaintiff's warranty rights.

29. As to JEFF COUCH, Plaintiff claims breach of the implied warranties of merchantability and fitness and seeks full reimbursement, incidental and consequential damages and fees and costs.

### III. THIRD CAUSE OF ACTION AGAINST FOREST RIVER: NEGLIGENCE

30. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

31. Defendants FOREST RIVER and DOES 1-25, Inclusive, have failed and refused to repair the vehicle to match the warranty.

32. As a proximate result of such negligent conduct, Plaintiff hereby seeks both general and special damages according to proof from Defendants.

Plaintiff therefore prays for judgment as follows:

### IV. RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays for judgment as follows:

(1) For general and special damages as allowed by the Song-Beverly Act and the Magnuson-Moss Act, including incidental and consequential damages according to proof;

(2) For a civil penalty of up to two times plaintiffs' actual damages under Song-Beverly;

(3) For costs of suit, expenses and attorney's fees; and,

(4) For such other relief as the court may allow.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues alleged.

Respectfully submitted,

_(signature)_

Keith Hagan
Hofer Hagan LLP
8888 Keystone Crossing
Suite 1300
Indianapolis, IN 46240
keith@hoferhagan.com
(317) 531-4575

COMPLAINT